## Louis E. Ryder v. William M. Jacobs, Appellant.

*Partnership—Participation in profits—Pleading.*

Compensation for services to be paid to an employee out of and contingent on profits does not of itself constitute the employee a partner.

In an action of assumpsit plaintiff claimed for salary as a traveling salesman under a verbal agreement, and for money loaned to the defendant. The defendant alleged that the salary was paid up to a certain date, from which date a new agreement went into effect, under which the plaintiff was to receive for his services half of the net profits of the business. He also alleged that there was no loan from plaintiff to defendant, but a repayment of money overdrawn by plaintiff, and that, as there had been no

profits, nothing was owing to plaintiff. Defendant asked the court to charge that there could be no recovery if the new agreement alleged by defendant really existed. The court refused this point, unless the jury should find that there was a partnership existing after the date of the alleged new agreement. *Held,* that the answer was erroneous, since the plaintiff could not recover net profits even though there was no partnership, as he had declared on a fixed salary.

*Evidence—Expert witnesses—Book-keeping.*

Whether a witness be a competent expert, and whether the contention be such as calls for expert testimony, is largely in the discretion of the trial judge.

The Supreme Court will not reverse the trial court in rejecting expert testimony to prove that certain account books showed a partnership, where it appears that the accounts themselves were of extreme simplicity, and it was doubtful if the witnesses were any greater experts in book-keeping than at least one half of the jury.

Argued May 21, 1897. Appeal, No. 194, Jan. T., 1897, by defendant, from judgment of C. P. Lancaster Co., May T., 1894, No. 57, on verdict for plaintiff. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Assumpsit to recover salary and for money loaned. Before LIVINGSTON, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial defendant proposed to ask a witness, H. C. Weidler, who had been a teacher of bookkeeping for seventeen years at the head of the Lancaster Business College, and who had testified to his experience in keeping partnership books, this question: "Please look at the ledger before you, pages 2 and 10, being the accounts of W. M. Jacobs and L. E. Ryder, and state whether or not each of these accounts indicate an account of a partner with the firm."

Objected to by plaintiff. Disallowed. Defendant excepts. [5]

Defendant proposed to ask a witness, Aldus C. Herr, as to whether or not, looking at the book before him, the accounts of W. M. Jacobs and L. E. Ryder on pages 3 and 10, respectively, are those between partners in account with the firm.

Objected to by the plaintiff. Disallowed. Defendant excepts. [6]

The court charged in part as follows:

[There was a contract for $200 a month. That is settled. There is no question about that. Was that contract changed at any time from $200 a month to a participation in the partnership profits, the net profits? If you find it was, then he would be entitled to $200 per month up to the time the change was made, and would be entitled to a portion of the net profits (one half) from that time so long as that relation existed. And if you are satisfied that was not the case, and that he has overdrawn $400, then your verdict would have to be for the defendant.] [1]

[If you find there was a contract for $200 per month at first, and find it was changed, as I have said, to a participation in the profits, even if there were no partnership at all, if you find there was no partnership, and it was changed from that time, and he was to receive part of the profits for his services and contributing nothing to the firm but his services, then he would be entitled to receive half of the net profits while he remained.] [2]

Defendant's points and answers thereto were among others as follows:

1. If the jury believe from the testimony in the case that after May 1, 1893, the plaintiff was not to receive a compensation of two hundred dollars ($200) per month for his services, but thereafter a share of the profits of the business, there can be no recovery by the plaintiff in this action for any services rendered after May 1, 1893. *Answer:* This point is refused unless the jury find from the evidence that there was a partnership existing between the plaintiff and defendant from and after May 1, 1893, until the time they separated in March, 1894. If the jury find from the evidence that a partnership did exist between them during that period, their verdict must be for the defendant, because one partner cannot sue another partner for a partnership transaction, except by bill in equity, or by an action of account render. [3]

2. If the jury believe that the contract between plaintiff and defendant was that, after May 1, 1893, he should receive half the net profits of the business as compensation for his services for the ensuing year, there can be no recovery by the plaintiff in this action for services after May 1, 1893, no matter what those services were. *Answer:* That we answer in the same

way with the other. If you find there was a partnership, then we say he can receive no pay for services in this action at all. But, if there was no partnership, and the contract was changed, as we have said, about April or May, and he was to receive half of the profits, then he can recover in this action even though there was no partnership. [4]

Verdict and judgment for plaintiff for $3,027.11. Defendant appealed.

*Errors assigned* were (1–4) above instructions, quoting them; (5, 6) rulings on evidence, quoting the bill of exceptions.

*John E: Malone* and *J. Hay Brown*, with them *W. U. Hensel*, for appellant, cited as to expert testimony, 1 Wharton on Evidence, 439.

*B. F. Davis* and *George Nauman*, for appellee, cited as to the charge, Strawbridge v. Cartledge, 7 W. & S. 394; Rogers v. Hall, 4 Watts, 359; Pardee v. Orvis, 103 Pa. 451; Reese v. Reese, 90 Pa. 89; P. R. R. v. Coon, 111 Pa. 430; Buyers v. Patterson, 2 W. N. C. 649; Trego v. Pierce, 119 Pa. 139.

OPINION BY MR. JUSTICE DEAN, October 11, 1897:

The plaintiff, as appears by his statement filed, brought suit to recover a balance of $2,606.14, with interest from April 1, 1894. He averred in his statement that defendant owed him the greater part of this amount, under a verbal contract by which he was employed as a salesman of tobacco and cigars of which defendant was a manufacturer; that by this contract he was to be paid $200 per month and traveling expenses; the payments to be made monthly; that he served under this contract from January 18, 1893 to April 7, 1894, a period of about fifteen months; that under the contract, the amount payable to him for services and expenses, was $2,926.54; that, in addition, he loaned to the defendant $1,900 in cash, making altogether, charges in his favor of $4,826.54. On this, he acknowledged payments made by defendant of $2,220.40, leaving the aforesaid balance of $2,606.14 due him.

This is the ground on which, in his statement filed, he bases his right to recover. The defendant, in his affidavit of defense,

admits that by verbal contract he employed plaintiff as salesman at $200 per month in January, 1893, but avers this contract terminated by mutual consent on May 1, 1893 ; that, at that date, plaintiff was paid in full; that then a new contract was verbally entered into between them, by which plaintiff agreed to serve as salesman as theretofore, but as compensation was to receive one half the net profits of the business, plaintiff agreeing to sell not less than $100,000 worth of the product of the factory annually; and further, the plaintiff should be permitted to draw from time to time of his share of the profits, an amount not exceeding $200 per month, and if it was found at the end of the year that one half of the net profits exceeded the aggregate amount so drawn, plaintiff was to be paid the balance; that, under this contract, from May 1, 1893, to April, 1894, plaintiff drew in money $1,600. The business was not profitable, and defendant notified plaintiff, between July and October, 1893, that he had drawn more than his contract compensation, and thereupon plaintiff repaid $1,000. Plaintiff also claimed payment of $200 as traveling expenses, which was credited to him, making $1,200 of repayments, leaving $400 as payment on account of profits. Defendant further denied the receipt of $700 in cash from plaintiff; he further averred that no profits whatever had been made in the business. The $1,200 credit as repayments, and the denial of the cash loan of $700, extinguished the claim of plaintiff for $1,900 money loaned; and the payment of the monthly compensation of $200, up to May 1, 1893, the date of the new contract, defendant avers, left nothing whatever due plaintiff.

On the issue thus made up there was much testimony on both sides ; the learned judge of the court below submitted the evidence to the jury, instructing them that if they found the facts to be as averred by defendant, then a partnership existed between plaintiff and defendant, and there could be no recovery in this form of action; on the other hand, if they found plaintiff's averments were sustained by the evidence, then they should find in his favor for such amount as was due. There was a verdict for plaintiff in the amount of his claim, and defendant brings this appeal, assigning five errors, four to charge of the court, and one to the rejection of evidence.

The substance of the first four assignments of error is em-

braced in defendant's first written prayer for instructions, and the court's answer thereto, as follows:

" (1) If the jury believe, from the testimony in the case, that after May 1, 1893, the plaintiff was not to receive a compensation of $200 per month for his services, but thereafter a share of the profits of the business, there can be no recovery by the plaintiff in this action for any services rendered after May 1, 1893. *Answer :* We answer that by saying, this point is refused unless the jury find from the evidence that there was a partnership existing between the plaintiff and the defendant from and after May 1, 1893, until the time they separated in March 1, 1894. If the jury find, from the evidence, that a partnership did exist between them during that period, their verdict must be for the defendant, because one partner cannot sue another partner for a partnership transaction except by bill in equity, or by an action of account render."

We think manifest error is disclosed in this answer. The court makes the case as to defendant, turn on the single question as to whether there was a partnership. If there was a partnership the plaintiff could not recover; but if there was no such contract as plaintiff averred on the other hand, an entirely different one, as defendant averred and adduced evidence tending to establish, the instruction was erroneous, even though there was no partnership. What facts constitute a partnership has been the theme of endless discussion by courts and text writers, without by any means unanimity of opinion. It is not necessary to enter on the subject here. This court, since Miller v. Bartlet, 15 S. & R. 137, decided in 1826, and Dunham v. Rogers, 1 Pa. 255, decided in 1845, has uniformly held, that compensation for services to be paid out of and contingent on profits does not of itself constitute the employee a partner. The evidence of defendant tended to establish two propositions : first, that plaintiff, from May 1, 1893, was a partner; second, if not a partner, he was to be paid out of profits, and his compensation was contingent on profits. In the last case, the contract was radically different from that averred by plaintiff ; if the evidence established it, the allegata and probata were fatally at variance, and the defendant's first point should have been affirmed. Putting aside the question of partnership altogether, without amendment of his statement, plaintiff cannot recover if the jury should

find that his compensation from May 1, 1893 was by the contract to be a share of the profits.

The fifth assignment is to the rejection of the testimony of alleged expert book-keepers who were called by defendant to testify that the accounts, as kept in the books between plaintiff and defendant were in the form of partnership accounts. It is doubtful if these witnesses were any greater experts in book-keeping than at least one half the jury; or, whether, in these simple accounts, involving but two persons and about seventeen charges, with half a dozen credits, any such testimony was called for. We do not deprecate the production of expert testimony in sciences and subjects with which the people are not generally familiar, but it must be borne in mind that jurymen are yet presumed to have some knowledge, and to be able to form opinions from their own observation. The tendency is to call experts to testify to ready-made opinions for them. Whether the witness be a competent expert, and whether the contention be such as calls for expert testimony, we have more than once held is largely in the discretion of the trial judge. We do not see that the learned judge of the court below erred in his ruling on this testimony.

But the first four assignments of error are sustained, the judgment is reversed, and a vênire facias de novo is awarded.