# Fifth Mutual Building Society of Manayunk *v.* John P. Holt, Appellant.

*Res adjudicata—Participation in suit.*

A person who has an interest in the subject-matter of a suit, and is examined as a witness in it, is not bound by the judgment, as far as the defendant is concerned, if it appears that the defendant refused to permit him to become a party to the record, or to participate through his counsel in the trial, or to perfect an appeal from the judgment.

*Contract—Evidence—Entry in books.*

One party to a disputed contract cannot prove it by showing, as an independent item of evidence, that, for the consideration, he entered a charge against himself in his own book.

*Evidence—Opinion of witness.*

In an action against a building and loan association the adverse party will not be permitted to call the secretary of the association to testify to an opinion based upon entries in the association's books and declarations in a mortgage, as to whether or not a particular person is a member of the association. The court and jury are just as capable of forming an opinion on these facts as the witness.

Argued Jan. 21, 1898. Appeal, No. 283, Jan. T., 1897, by defendant, from judgment of C. P. No. 1, Phila. Co., Dec. T., 1895, No. 155, on verdict for plaintiff. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and DEAN, JJ. Reversed.

Scire facias sur mortgage. Before BIDDLE, P. J.

The facts appear by the opinion of the Supreme Court.

At the trial the court refused to admit in evidence the account books of Holt in account with Fitzpatrick in reference to the stock in question. [1]

The court sustained the objection to the following question propounded to the secretary of the plaintiff association:

" Q. You always recognized him [Holt] as the owner of that stock and loaned him the money on it?" [2]

The court charged as follows:

[This has been a very tedious case for you to hear, although it is only the tail end of it. A case was tried before me (Fitzpatrick v. Fifth Mutual Building Society of Manayunk, C. P. No. 1, March, 1894, No. 327) in which the question whether this stock belonged to Mr. Holt or Mrs. Fitzpatrick arose. After a long and tedious trial, the whole facts being offered before the jury, they decided that the stock belonged to Mrs. Fitzpatrick and not to Mr. Holt. It appears now that he was notified of that suit and gave testimony in that suit. · His books were presented in that suit and his counsel was present at that suit; therefore, in my opinion, he is bound by the decision of the jury in that case. That being so, he does not own this stock, and therefore the plaintiff has a right to claim the amount of his mortgage, because this stock, not having belonged to Mr. Holt, could not be, of course, used as a set-off against this mortgage; and therefore your verdict should be for the plaintiff in this suit for the full amount of his claim.] [4]

Verdict and judgment for plaintiff for $2,024.57. Defendant appealed.

*Errors assigned* among others were (1, 2) rulings on evidence, quoting the bill of exceptions; (4) charge of the court, quoting it.

*John G. Johnson*, with him *S. Morris Waln*, for appellant.— A stranger to the record cannot be bound by a judgment unless he had the power to call and examine witnesses, to argue the case, and appeal from the judgment: Miller's App., 159 Pa. 562; Bigelow on Estoppel (4th ed.), 135; Peterson v. Lothrop, 34 Pa. 223; Aspden v. Nixon, 4 Howard, 467; Eshelman v. Shuman, 13 Pa. 560; Gilitnan v. Strong, 64 Pa. 243; Chand-

ler's App., 100 Pa. 262; Seeley v. Garey, 109 Pa. 301; Mc-Kendry v. McKendry, 131 Pa. 24; Whitaker's Est., 10 W. N. C. 106; Yorks v. Steele, 50 Barbour, 397; Wright v. Andrews, 130 Mass. 149; Parker v. Moore, 59 N. H. 454; Floyd v. Floyd, 90 Ind. 130.

*Francis S. Cantrell,* for appellee.—Payments by a member of a building society, who has obtained a loan and given a mortgage to secure its payment, on account of instalments upon his shares of stock, are not ipso facto payments of the mortgage debt, although he may so treat them in a suit upon the mortgage: Building Ass'n v. Sutton, 35 Pa. 463; Finney's App., 59 Pa. 398; Bank of Commerce's App., 73 Pa. 59.

The pledgor, by the act of pledging, impliedly engages that he is the owner of the property pledged, and when the ownership of any part of it is not in him, he is liable to the pledgee in damages, if by reason of defective title it is taken from him: Mairs v. Taylor, 40 Pa. 446; Bank v. Kurtz, 99 Pa. 344; Rogers v. Haines, 3 Greenleaf (Me.), 362; Hostetter v. Pittsburgh, 107 Pa. 435.

When there is a full opportunity, by notice or otherwise, to come in and adduce evidence and cross-examine, then the judgment is a bar, even when the persons having this opportunity are not parties to the record: Coates v. Roberts, 4 Rawle, 112; Mehaffy v. Lytle, 1 Watts, 314; Peterson v. Lothrop, 34 Pa. 228; Ayres v. Findley, 1 Pa. 501; Bain v. Lyle, 68 Pa. 60; Lloyd v. Barr, 11 Pa. 41; Kilheffer v. Herr, 17 S. & R. 319; Finley v. Hanbest, 30 Pa. 190; Wickersham v. Savage, 58 Pa. 369; Bolton v. Hey, 168 Pa. 418.

OPINION BY MR. JUSTICE DEAN, February 7, 1898:

John A. Fitzpatrick, in May, 1887, subscribed for fifteen shares of stock in the plaintiff society, he to pay therefor $15.00 per month, dues, according to the usual stipulations of such contracts of membership. About one year afterwards, Fitzpatrick, by a verbal contract, agreed to transfer the fifteen shares to Holt, defendant, and a credit of $210, the consideration, was entered in Fitzpatrick's favor on Holt's books, Fitzpatrick being at the time an employee of Holt. Fitzpatrick then took his society pass book to the secretary and had him erase his name

in it, and write that of Holt. The same change was made in
the society's books, but the certificate of stock itself was never
delivered to or assigned to Holt; it remained in Fitzpatrick's
possession, up until February 8, 1894, when he assigned it to
his mother, Emma Fitzpatrick. From June, 1888, Holt's name
appeared on the books of the association as a member and owner
of the stock, and the society received from him the monthly
dues. On October 4th, of that year, he borrowed from the
society, under its rules, $3,000 on the fifteen shares of stock,
and secured the loan by mortgage upon his cotton and woolen
mill property in Manayunk. This mortgage recites, as part of
the consideration for the loan, that Holt is to pay $15.00 monthly
as the owner of fifteen shares of the capital stock. Holt paid
the monthly contribution and other demands of the society until
May, 1895, a period of eighty-four months, which contributions
repaid the loan. He then requested the association to satisfy
the mortgage, which it declined to do, for these reasons: As
already noticed, the certificate of stock itself had not been
transferred or delivered by Fitzpatrick to Holt, but instead, had
been retained by Fitzpatrick, and was by him, in 1894, more
than six years afterwards, transferred and delivered to Emma
Fitzpatrick, who brought suit on it against the society, and
after a trial in court, there was judgment for the plaintiff. The
contention of the plaintiff in that case was that no actual trans-
fer of the stock was intended; that all the payments made by
Holt had been out of money furnished him for that purpose by
Fitzpatrick. This was flatly denied by the society, and it called
Holt as a witness, who supported the denial under oath. After
the adverse judgment, the society paid the amount of it to Emma
Fitzpatrick, and claimed its liability on the fifteen shares of
stock then ended. It then issued scire facias against Holt, who
contended that he had paid the mortgage by the monthly con-
tributions. On the trial in the court below, plaintiff, for pur-
pose of showing Holt had no title to the stock, offered in
evidence the record and judgment in the suit of Fitzpatrick
against the society. Against the objection of defendant the
record was admitted, and the jury instructed that the judgment
was conclusive against Holt, and to render a verdict for plain-
tiff. Hence this appeal.

The main question here is, what is the legal effect of that

judgment as between the parties to this suit? Undoubtedly,. a former judgment binds the parties to the record and their privies. Holt, however, was not a party of record to that suit; but this is not conclusive in his favor: "The law includes all who were directly interested in the subject-matter, and had a. right to make defense, or to control the proceeding, and to appeal from the judgment. The right also involves the right to adduce testimony and to cross-examine the witnesses on the other side:" 1 Greenleaf on Evidence, sec. 523; Giltinan v. Strong, 64 Pa. 242.

There can be no doubt that Holt was directly interested in the subject-matter of that suit, and he was a privy as regards the society, for it succeeded to his right to the contract with John Fitzpatrick. But he could not defend the right of his successor against its objection. He must be brought upon the record by the assent of the latter or, with its assent, he must. personally or by counsel take active part in the defense. Holt. testified that the society gave him notice of the suit, but that. when his attorney appeared he was not permitted to take part in the trial, or examine witnesses, or argue the case to the jury; that the society's counsel took control and practically excluded him from any part in the defense. It further appeared that his. attorney requested counsel for the society to have him inter- vene as a defendant of record and this request was refused.. Still further, it was shown that after judgment the counsel for the society agreed with Holt that it would take an appeal to the Supreme Court, Holt to employ counsel and take charge of the appeal, but when his appeal was lodged in this court, he was met by a written stipulation of the same counsel with Fitzpatrick, that no appeal should be taken, whereupon the appeal was quashed. Clearly, as between him and the society,. not being a party to the record, and there being evidence offered that he and his counsel were excluded from any control of the defense, were not permitted to adduce evidence, examine or cross-examine witnesses, that his appeal failed because of the disingenuous conduct of the society's counsel, he is not bound by the judgment which he had no opportunity to defend against. The appearance as a witness in a suit between other parties by one having an interest in the subject-matter of contention does not make the witness a party to or bind him by the event of

the litigation. As is said by our Brother WILLIAMS, in Miller's Appeal, 159 Pa. 562, " There are some cases in which actual knowledge of the pendency of an action at law, or the existence of an incumbrance or the like, may take the place of legal notice; but I know of no case where one who has been examined as a witness is by reason of that fact alone concluded by the judgment or decree rendered in the case."

On this question the jury should have been instructed, that if they believed from the evidence that Holt, as a party, was not allowed to, in fact, defend in the former suit, he was not bound by the judgment.

This disposes of all the errors assigned, except the first and second. As to the first, the defendant offered in evidence his book of original entry containing the account between him and Fitzpatrick to show that, at the time he alleged the purchase of the stock was made, a credit had been entered in favor of Fitzpatrick for $210, the consideration to be paid for the transfer. On objection by plaintiff this was excluded. In view of the offer, we think this was right. The learned judge properly held that one party to a disputed contract cannot prove it by showing that he entered a charge against himself in his own book for the consideration; that was the offer in this case, and the whole of it. If it had been to prove that such an entry was regularly made by defendant long anterior to any dispute as to the ownership, to be followed by proof that plaintiff contemporaneously had changed in its books the name of the owner from Fitzpatrick to Holt, and that the latter had, thereafter for years, paid the monthly dues, this to be further followed by the testimony of Holt that Fitzpatrick, in the business transactions between them, had in fact received the very consideration entered to his credit on the book, it would have been admissible; for then it would not have been an independent act of plaintiff tending to establish his side of the case, but would have been a link in the chain of circumstances, and entirely consistent with them, warranting the inference of the alleged contract. By itself, it was of no value; but as part of a whole, pointing to the same conclusion, it would have been admissible.

As to the second assignment, the secretary of the society was asked if Holt had not always been recognized by the society as the owner of the stock after the alleged transfer. This ques-

tion, on objection by plaintiff, was overruled. The ruling was correct; the object was to elicit an opinion formed from the entries in the society's books and the declarations in the mortgage. The court and jury were just as capable of forming an opinion from these facts as the witness, and that is what they were there for.

The judgment is reversed, and a v. f. d. n. awarded.