# Cox, Appellant, *v.* Philadelphia City Pottery Company.

*Master and servant—Contract of employment—Evidence—Corporation.*

1. In an action against a corporation to recover salary as manager, where the evidence shows that the plaintiff had acted as manager of the business before it was incorporated, the written contract of employment between the prior owner of the business and the plaintiff, is not admissible, if there is nothing to show that the plaintiff worked under this contract as manager for the corporation.

*Evidence—Expert—Books—Business profits.*

2. A court cannot properly exercise its discretion as to whether or not expert testimony should be received to show the profits and losses of a business, without the books and invoices being produced and offered in evidence.

Argued Dec. 18, 1908. Appeal, No. 223, Oct. T., 1908, by plaintiff, from judgment of C. P. No. 5, Phila. Co., March T., 1904, No. 1,433, on verdict for defendant in case of William Cox *v.* Philadelphia City Pottery Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Assumpsit for salary as manager of a corporation. Before RALSTON, J.

At the trial it appeared that the owner of the defendant's business prior to the incorporation of the company was John E. Jeffords.

Defendant made the following offer:

Mr. Scott: I offer in evidence the contract between John E. Jeffords and William Cox as follows:

"Philadelphia, April 25th, 1899. Mr. William Cox, 1310 North 5th Street, Philadelphia, Pa. Dear Sir: I will engage you to fill the position as agreed in verbal conversation for one year from May 1st, proximo, at the following salary: $1,200 to be paid in monthly installments and $200 to be paid at the end of the year. In case the business pays $6,000 per annum, or

VOL. XXXVIII—35

over, an additional sum of $350 is to be paid at the end of the year. The above arrangement to continue for one year from date. Yours truly, John E. Jeffords. April 29th, 1899, accepted. William Cox."

Objected to. Objection overruled. Exception for plaintiff. [1]

The testimony of Robert D. Vollum, a witness called by defendant, was as follows: "Q. What was the profit or loss as shown by the books of the Philadelphia City Pottery Company for the year 1901?"

Objected to. Objection overruled. Exception. [1]

"A. For the year 1901 there was a loss of $360.48. Q. What was the profit or loss as shown by the books of the Philadelphia City Pottery Company for the year 1901? A. For the year 1901 there was a loss of $360.48. Q. For the year 1902? A. For the year 1902 there was a profit of $5,223.86. Q. For the year 1903? A. There was a profit of $607.64."

When on cross-examination the said witness testified as follows and the following motion was refused: "Q. You have no knowledge of this business except as derived from the books which you have read? A. That is all. Q. You had no knowledge of the current business at the time that the entries were made in the books? A. No, sir. Q. In speaking of the years 1901, 1902 and 1903, you are referring to the calendar years? A. Yes, sir. Q. From January 1st to December 31st in each case? A. Yes, sir. Q. Were the books closed at the end of each of these calendar years? A. They were. Q. Is there any evidence that the property of the company defendant was appraised or inventoried by anyone? A. There was not. Q. Then how can you say there was any particular value for the property of this corporation at the beginning or ending of any of these years? A. The books were never changed as a firm and the work continued the same from the beginning of the books until I took hold of them. Q. This company was engaged in the business of manufacturing pottery? A. Yes, sir. Q. I understood you to say then that there was nothing to show what stock or materials were in the hands of the company at the beginning or the ending of either of these years?

A. Yes, sir.  Q. How was that shown? · A. By the inventory book.  Q. Where is that book?  A. I do not know; I saw it. Q. When did you see it?  A. When I was up there, in 1905."

Mr. Dechert: I call for the production of the inventory book.

Mr. Scott: It is not here.

Mr. Dechert: I ask that the testimony of this witness on this subject be stricken from the record; because the book is not here.

Motion refused.  Exception for plaintiff. [2]

The court charged the jury in part as follows:

[The question which you will have to determine is, was that · the agreement under which this new corporation, which succeeded the partnership, was acting with the plaintiff, or did the plaintiff make a new agreement with the corporation which succeeded and took the place of the contract which he had with John E. Jeffords & Company?

Is there any evidence at all in any statement of the plaintiff that he entered into a new agreement with different terms from this old one?  I am speaking of the time in 1904 when he said there was a new agreement under which he was employed at $25.00 a week.  It is true there are entries in the books showing salaries at the rate of $1,750 a year, but you have a period of thirty weeks running from February 1, at the very beginning of his employment, when he was only paid $25.00 a week.  There are other times when he was paid. $33.65 a week—and it is marked in the books at the rate .of $1,750 a year.  Was that $1,750 a year dependent upon the corporation having a net profit of $6,000 according to the terms of the old agreement?  Or do you find any evidence that they agreed to pay him $1,750 a year without regard to profit or loss?

If you find from all the evidence in the case that that was their agreement; that he was not paid what they had agreed to pay him, then you should render your verdict in favor of the plaintiff.

On the other hand, if you find that this written contract was the basis of his employment and that his employment continued under that and subject to its terms and conditions

and was not altered by any subsequent contract, then the evidence shows, I think without dispute, that he has been fully paid and your verdict should be for the defendant.] [3]

Verdict and judgment for defendant.  Plaintiff appealed.

*Errors assigned* were (1, 2) rulings on evidence, quoting the bill of exceptions; (3) portions of charge as above, quoting it.

*Henry T. Dechert,* of *Potter, Dechert & Norris,* for appellant.— The written agreement of 1899 was not admissible.  The defendant sought to prove profits of less than $6,000 per year. To do so it was incumbent to offer in evidence some facts from which the jury could draw an inference.  Instead of that there was submitted only Mr. Vollum's opinion derived from facts not in evidence.  This was error: Ryder v. Jacobs, 182 Pa. 624; Building Society v. Holt, 184 Pa. 572; Phila. v. Neill & Lincoln Savings, etc., Co., 211 Pa. 353.

*Henry J. Scott,* for appellee.—Whether a contention is such as calls for expert testimony is largely in the discretion of the trial judge: Phila. v. Neill & Lincoln Savings, etc., Co., 211 Pa. 353.

Appellant objected, not that the books were simple and plain, but that the character of evidence was improper.  That such evidence is competent has been decided: Jordan v. Osgood, 109 Mass. 457.

OPINION BY MORRISON, J., February 26, 1909:

In this action of assumpsit the plaintiff claimed for his services as manager of a pottery company in Philadelphia from February 12, 1901, to March 9, 1904.  It appears from the plaintiff's declaration and his testimony, and the evidence offered from the books of the defendant corporation in support of the plaintiff's claim, that a jury might have found a substantial sum in favor of the plaintiff.  But under the admissions of evidence and charge of the court, the jury found a verdict in favor of the defendant.

It appears in evidence that the plaintiff had been in the em-

ploy of John E. Jeffords for over one year prior to February 12, 1901, under a written contract fixing his salary at $1,400 per annum, with an additional $350 if the business made a profit of $6,000 or more per annum. The plaintiff's testimony is quite clear that this arrangement terminated at the end of the first year, and he worked under another arrangement until Jeffords' business was turned over to the corporation on February 12, 1901. We do not find in the record sufficient evidence to warrant the court in permitting the jury to find that the plaintiff worked for the corporation under the contract above referred to. By its terms the contract was for one year from May 1, 1899; the parties were Cox and Jeffords; the business was discontinued by Jeffords in February, 1901. Nothing was shown to connect this contract with the employment of Cox after May 1, 1900. On this point Cox testified: "I had a contract for one year from May 1, 1899, to April 30, 1900. Q. And you continued right along under that contract? A. I did not. Q. When did you change? A. The first of the year. Q. The first of what year? A. 1900. December 30, 1900, my salary was entered up at $1,750 a year in their books. Q. And that is the contract under which you went to work for John E. Jeffords and continued to work for the Philadelphia City Pottery Company? A. That is the contract I worked under for John E. Jeffords for one year."

The first assignment of error raises the question of the admissibility of the written contract referred to, dated April 25, 1899, accepted April 29, 1899, by William Cox. In our opinion, there was not sufficient evidence to warrant the court in permitting the jury to find that the plaintiff worked for the defendant corporation under that contract and, therefore, we sustain the first assignment of error.

The second and third assignments relate to the admission of the testimony of Robert D. Vollum and the refusal to strike it out. He was an expert witness called by defendant to prove the profits and loss of the defendant company based on said contract. This for the purpose of showing that in none of the years that the plaintiff was employed by the corporation did the profits amount to $6,000. We think these assignments must be

sustained on two grounds: (a) It was not shown that the plaintiff was employed under that contract, and (b) if the defendant had been entitled to prove the profits of the business, it was error in the court to allow Vollum to testify, as an expert, to what the books and invoices showed, without the same being produced and offered in evidence.   Upon the latter question our attention has been called by the defendant to the following cases: Phila. v. Neill & Lincoln Savings, etc., Co., 211 Pa. 353; 12 Am. & Eng. Ency. of Law (2d ed.), p. 428, and Jordan v. Osgood, 109 Mass. 457 (the latter case is a footnote on p. 428, vol. 12 Am. & Eng. Ency. of Law).   The exact language on this point is: "An accountant who has examined certain books and schedules which have been introduced in evidence may state the results of his computation therefrom not involving mere inferences."   We also call attention to Ryder v. Jacobs, 182 Pa. 624, in the syllabus of which we find: "Whether a witness be a competent expert, and whether the contention be such as calls for expert testimony, is largely in the discretion of the trial judge."   See also Building Society v. Holt, 184 Pa. 572, where Mr. Justice DEAN (p. 577) said: "As to the second assignment, the secretary of the society was asked if Holt had not always been recognized by the society as the owner of the stock after the alleged transfer.   This question, on objection by plaintiff, was overruled.   The ruling was correct; the object was to elicit an opinion formed from the entries in the society's books and the declarations in the mortgage. The court and jury were just as capable of forming an opinion from these facts as the witness, and that is what they were there for."   The above cases and others recognize that the question of admitting expert testimony in a given case is largely discretionary with the court below.   This principle we do not question, but from all the cases we reach the conclusion that a court cannot properly exercise its discretion as to whether or not expert testimony should be received to show, for instance, the profits and losses of a business, without the books and invoices being produced and offered in evidence.   It must be conceded in the present case that the jury passed upon the question of profits on the testimony of Vollum who had examined the books and papers, but they were not in court and of course were not in evidence.

It may be that the books and invoices were so plain that the court and jury could readily determine whether or not the profits amounted to or exceeded $6,000 per annum. We thus have the plain case of a court exercising its discretion in allowing expert testimony as to what profits the books and invoices showed, without seeing the same. This we think is clearly wrong. The second and third assignments are sustained.

The fourth assignment raises the question of the correctness of a portion of the charge of the court. This part complained of is the logical result of the errors raised by the first, second and third assignments, and having sustained those, it follows that the fourth assignment must also be sustained.

We are quite clear that the evidence did not entitle the defendant to have the contract of April 25, 1899, in evidence.

The assignments of error are all sustained and the judgment reversed with a venire facias de novo.