## Ridder Brothers, Inc. *v.* Strassburger, Appellant.

Argued December 7, 1943. Before BALDRIGE, STADT-FELD, RHODES, HIRT, KENWORTHEY and RENO, JJ. (KELLER, P. J., absent).

*A. Benjamin Scirica,* with him *Frederick B. Smillie,* and *Smillie & Bean,* for appellant.

*Owen B. Rhoads,* with him *Samuel H. High, Jr.,* and *High, Dettra & Swartz,* for appellee.

OPINION BY RHODES, J., March 6, 1944:

Plaintiff brought this action in assumpsit to recover on quantum meruit for services rendered by plaintiff for defendant.

The plaintiff's statement set forth that defendant under an oral contract requested the advice and assistance of plaintiff with respect to certain investments which defendant had made in various newspapers, and claimed for the services the sum of $5,000.

Defendant, in his affidavit of defense, denied any contract, denied that any services were performed, and alleged that the amount claimed savored of attempted extortion.

At the trial the jury returned a verdict in favor of plaintiff in the amount of $2,500. Defendant's motions for judgment n.o.v. and for a new trial were overruled, and from the judgment entered on the verdict defendant has appealed.

The only question involved on this appeal is whether there was sufficient evidence submitted to justify any finding by the jury as to the fair and reasonable value of the services rendered.

Appellant argues that there was an absence of such evidence, and that the verdict was speculative. It is not questioned that plaintiff proved the contract between the parties, and that the services were performed by plaintiff pursuant thereto.

The value of services furnished and the amount of compensation due therefor may be shown by competent evidence of any material and relevant matter bearing on such issue, such as the benefits realized as the result of plaintiff's work. As to recovery for personal services we approved the following statement in *Hanley*

*v. Waxman,* 80 Pa. Superior Ct. 274, at page 276: " 'The things to be taken into consideration in determining the compensation to be recovered by an attorney are the amount and character of the services rendered, the labor, the time, and trouble involved, the character and importance of the litigation, the amount of money or value of the property affected, the professional skill and experience called for, and the standing of the attorney in his profession; to which may be added the general ability of the client to pay and the pecuniary benefit derived from the services.' " Likewise, in *Robbins v. Weinstein,* 143 Pa. Superior Ct. 307, at page 314, 17 A. 2d 629, at page 633, we said: "In the absence of a special agreement, an attorney is entitled to be paid the reasonable value of his services. In addition to the labor and time involved, other factors must be taken into consideration, such as the character of services rendered, the importance of the litigation, the skill necessary, the standing of the attorney, the benefit to be derived from the services rendered, and the ability of the client to pay, as well as the amount of money involved." These statements are no less applicable to the services rendered by plaintiff in the present case than to services rendered by an attorney.

Plaintiff is a corporation engaged in publishing a number of newspapers, and defendant is publisher of a newspaper in the borough of Norristown.

All the facts and circumstances were in evidence with respect to the character and extent of the work performed or services rendered by plaintiff for defendant, and the results achieved. Plaintiff's bill for $5,000 was also in evidence. The services shown by the testimony to have been rendered under the oral contract were fully described by plaintiff's witnesses. They consisted of examination of the financial status of the New York Evening Post, in which defendant had $100,000 of preferred stock, and in which he had agreed to invest an additional $50,000; numerous conferences with defend-

ant relative thereto; attempt to investigate the financial status of the Philadelphia Record, which had some connection with the New York Evening Post at the time; survey as to the possible operating profit of the Post, as defendant was considering taking over the control of the paper; advising defendant that the Post could not be saved by investing an additional $50,000 in its preferred stock. The many conferences between the representatives of plaintiff and the defendant and others was described in detail including the time spent thereon and the periods covered. Defendant admitted that he obtained an order permitting him to examine the books of the New York Evening Post, that there was "a practical cancellation" of his stock subscription, and that he was never required to pay the $50,000 which he had subscribed. The jury may very well have concluded from the evidence that defendant was able to rid himself of this obligation as a result of plaintiff's services and advice, and that he was also saved from further engaging in an unprofitable undertaking.

It appears very clearly from the evidence that plaintiff's witnesses were competent to give their opinion as to the value of the services rendered. The court below in its opinion has well stated the real issue presented for decision: "While both parties in the suit admit that the plaintiff's witnesses would have been amply competent as experts to testify as to the value of the services rendered by [plaintiff], yet because of the fact that the [witnesses] did not in so many words testify that the $5,000 claimed by [plaintiff] was the fair and reasonable value of the services rendered, that, therefore, the jury [could] make no finding whatever."

In order to prove the reasonable value of personal services it is not always necessary to introduce the testimony of experts, and whether the contention requires expert testimony is largely in the discretion of the trial judge. *Ryder v. Jacobs*, 182 Pa. 624, 630, 38 A. 471; *Philadelphia, to use, v. Neill et al.*, 211 Pa. 353, 363, 60

A. 1033. It might have been advisable—but it was not here required—to have specifically asked the witnesses whether the charge made was fair and reasonable. It is a reasonable and logical inference that these witnesses who testified to the services performed considered the bill rendered by them on behalf of plaintiff the fair and reasonable value of such services. Their opinion that the charge was fair and reasonable would not have factually added anything for the jury's consideration. It is significant, as the court below points out in its opinion, that "neither before the trial, nor at any time during the trial, with the exception of the one inconsistent paragraph of the affidavit of defense, did [defendant] attack the amount of such bill as not representing the reasonable value of the services performed."

We are of the opinion that under all the facts it was for the jury to determine the amount due from defendant to plantiff for the services rendered under the oral contract.

Assignments of error are overruled.

Judgment is affirmed.