Opinion by
 

 Rhodes, J.,
 

 This is an action in trespass brought by plaintiff to recover damages for personal injuries which he claims were sustained when he fell on the floor of defendant’s store. The jury returned a verdict for plaintiff. Defendant’s motions for judgment n. o. v. and for a new trial were dismissed. From the judgment entered for plaintiff, defendant has appealed.
 

 On April 6, 1937, about 11:40 a.m., appellee slipped and fell, injuring his right knee, while in appellant’s store. Appellee ascribed the fall to the presence of oil on the floor. He ,did not see or discover the oil spot until he got up from the floor; it was about 18 inches long, and at its widest part about 12 inches in width, and was dusty and slippery. Appellee made no complaint to anyone at the store at the time of the accident, but, accompanied by his wife, he left the store in order to obtain medical attention. At 2 p.m. on the same afternoon he returned to appellant’s store with his wife’s brother-in-law, who at the trial was called as an expert witness. There ,was no testimony as to who was responsible for the oil being on the floor, or as to how it got there, -or that appellant had any actual notice of the condition which appellee alleged caused his fall. The rule applicable to the facts in this case is given in the Restatement of the Law, Torts, §343, as follows: “A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he (a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them ......” See, also,
 
 Bell v. Great Atlantic & Pacific Tea Co.,
 
 288 Pa. 160, 163, 135 A. 607;
 
 Gorman et ux. v. Simon Brahm’s Sons, Inc.,
 
 298 Pa. 142, 144, 148 A. 40.
 

 
 *131
 
 In
 
 MacDonald v. Gimbel Brothers, Inc.,
 
 321 Pa. 25, 183 A. 804, plaintiff, a customer of defendant, brought an action to recover damages for injuries alleged to have been sustained when she fell on the floor of defendant’s store due to the presence of oil on the hardwood floor. There was no evidence to show how the oil got on the floor, where it came from, or how long it had been there. The judgment of nonsuit was affirmed.
 

 Appellee endeavored to charge appellant with constructive notice of the oil spot, and for this purpose called his wife’s brother-in-law to testify as an expert witness. The trial judge overruled an objection to .the qualifications of this witness, and permitted him to testify that in his opinion the oil had been deposited on the floor 18 to 24 hours prior to the time he examined it. Although it is largely within the discretion of the trial judge to determine whether a witness shall be permitted to testify as an expert, and whether the qualifications with respect to his knowledge have been sufficiently established
 
 (Ryder v. Jacobs,
 
 182 Pa. 624, 630, 38 A. 471;
 
 Brown, for use, v. Castle Shannon Borough,
 
 318 Pa. 363, 367, 178 A. 678), we are of the opinion that the trial judge erred in the admission of this testimony. This witness did not have any special knowledge which made his testimony useful or of value. This was necessary to make his testimony admissible.
 
 Altman v. Lande,
 
 84 Pa. Superior Ct. 399, 401. As to his qualifications as an expert, he testified that he had worked ten years in a garage and scrap yard tearing automobiles apart; that he had worked .in a building that had a wood floor; and that he had observed the effect of different oils thereon. The floor in the building where he worked, he testified, was natural cut hardwood. At most, the witness’ experience with oil on floors was limited to the oil coming from automobiles which he tore apart, and to the particular floor where
 
 *132
 
 he had worked. His experience was entirely too limited to qualify him as an expert, and he had no technical or scientific knowledge of the subject.
 

 “An expert is a person experienced, trained, skilled in some particular business ,or subject. An expert witness is one who because of the possession of knowledge not within ordinary reach is specially qualified to speak upon the subject to which his attention is called. Thus, a chemist, a physician, a mechanic, an artist, has special knowledge of the things that fall within the range of his studies and his daily practice, and because of such special knowledge, not within ordinary reach, his testimony upon a subject relating to his particular line of study or research is regarded as more exact and entitled to more weight than that of witnesses not possessing the same opportunities /or acquiring thorough knowledge of the subject. Many persons may know something about a given question and be competent as witnesses to tell what they know. A few may have an intimate, an exceptional, knowledge and be entitled to speak as expert witnesses”:
 
 Struthers v. Philadelphia & Delaware County Railroad Co.,
 
 174 Pa. 291, at page 298, 34 A. 443. In the instant case the witness displayed no superior knowledge as to the action of oil on the floor of appellant’s store. Any opinion by him was a mere conjecture. He may have known something about automobiles, and he may have had some experience with the oil therefrom on the floor of the building in which he worked, but he had no special or peculiar knowledge of the action or reaction of various kinds of oils on various kinds of wood. He may have been able to testify as to his experience under the surroundings in which he worked, but to have qualified him as an expert in this case required more than that.
 

 It is too obvious for discussion that the witness was not an expert. He disclosed no technical or scientific knowledge or qualifications whatever, and had a very
 
 *133
 
 meager experience along the lines of the subject on which he sought to qualify as an expert. His opinion was valueless, and nothing could with .certainty or safety be predicated on it. See
 
 Sinkovich v. Bell Telephone Co. of Pennsylvania,
 
 286 Pa. 427, 434, 133 A. 629. Even at his place of employment he never observed the amount of oil spilled on the floor, nor, by his own admission, had he observed the time it took oils of various densities to be absorbed by wood. The extent of his qualifications was that he knew a heavy oil would take a longer time to be absorbed than an oil of less density. Assuming that the subject was one upon which a qualified expert could express an opinion, unknown conditions such as the quality and quantity of oil originally placed on appellant’s floor, the hardness of the wood flooring, the nature of the floor covering or treatment, whether painted, varnished, or previously oiled, etc., would be vitally important factors to be taken into consideration in estimating the length of time the oil had been on the floor. The witness admitted that the length of time it would take a wood floor to absorb oil and reach a certain stage such as was present in the instant case (the film it left on the floor) would depend upon factors which he had never previously observed, and of which he had no knowledge in the present case.
 

 The testimony of this witness should not have been submitted to the jury to establish the length of time the oil was on the floor of appellant’s store. The error of the trial court in admitting it necessitates a new trial.
 
 Stevenson v. Titus et al.,
 
 332 Pa. 100, 104, 2 A. 2d 853;
 
 Huffman et al. v. Simmons et al.,
 
 131 Pa. Superior Ct. 370, 373, 200 A. 274;
 
 Dixon v. Metropolitan Life Insurance Co.,
 
 136 Pa. Superior Ct. 573, 578, 7 A. 2d 549.
 

 Judgment is reversed, and a venire facias de novo awarded.