422 A.2d 593

**Phyllis S. MOULTREY, Appellant,**

v.

**The GREAT A & P TEA COMPANY.**

Superior Court of Pennsylvania.

Argued March 12, 1979.

Filed Oct. 24, 1980.

Petition for Allowance of Appeal Denied Feb. 6, 1981.

526

John W. Thompson, Jr., York, for appellant.

Robert J. Stewart, York, for appellee.

Before CERCONE, President Judge, and WIEAND, and HOFFMAN, JJ.*

CERCONE, President Judge:

This is a "slip and fall" case in which the question presented is, whether in order to make out a prima facie case in a negligence action predicated upon the Restatement (Second) of Torts § 343 (1965), appellant–invitee must prove that appellee–proprietor had either actual or constructive notice of the offending transitory condition which allegedly caused appellant's harm. The lower court, relying primarily upon *Martino v. Great Atl. & Pac. Tea Co.*, 419 Pa. 229, 213 A.2d 608 (1965) [hereinafter *Martino*] held that appellant–invitee, Ms. Moultrey, had such a burden and failed to discharge it. For this reason, the lower court granted appellee–proprietor's motion for a compulsory non–suit. Since we conclude that under existing Pennsylvania law an invitee must establish such notice either by direct or circumstantial evidence, we affirm the lower court's order.

In reviewing the propriety of the lower court's action, we relate the testimony in the light most advantageous to the plaintiff, Ms. Moultrey, giving her the benefit of all reasona-

* WIEAND, J. did not participate in the consideration or decision of this case.

ble inferences therefrom, and resolving all the conflicts therein in her favor.[1] In the summer of 1976, Ms. Moultrey entered defendant's store accompanied by her teenaged children, Louis and Linda, to do some food shopping. As she entered the store, she secured a shopping cart and proceeded to the produce counter. The vegetable counter was to her right and the fruit counter was to her left. As she moved into the aisle between the two counters, she observed some water and some leaves of lettuce and cabbage on the floor. She maneuvered her cart to avoid the water in order to get to the banana stand, intending to purchase some bananas. She pushed the cart to the left side of the aisle close to the banana stand and circled the cart to obtain the bananas. After picking them up, she ventured back toward her cart, slipped and fell to the floor. While on the floor, she looked back and saw one squashed cherry, the seed of which was on her shoe. The cherry was not in the water, but rather was in a dry area closer to the cart.[2]

Ms. Moultrey, shortly thereafter, commenced this trespass action for the resultant injuries to her elbow and left leg. At trial before a jury, Ms. Moultrey and her children testified they did not know how long the cherry had been on the floor or how it got there.[3] Further, she was unable to offer any evidence as to when the area in which she fell had last been cleaned. At the close of Ms. Moultrey's liability case, appellee moved for and was granted a compulsory non-suit by the trial judge. Exceptions having been argued before and dismissed by the court *en banc*, this appeal ensued.

1. *E. g., Martino*, 419 Pa. at 231, 213 A.2d at 609; *Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 322 (1964); *Kuzmics v. Santiago*, 256 Pa.Super. 35, 389 A.2d 587 (1978); *Calhoun v. Jersey Shore Hosp.*, 250 Pa.Super. 567, 569, 378 A.2d 1294, 1296 (1977); *McMillan v. Mountain Laurel Racing, Inc.*, 240 Pa.Super. 248, 252, 367 A.2d 1106, 1108 (1976).

2. Notes of Testimony at 11, 14, 32.

3. Ms. Moultrey not only failed to adduce that the cherry was stacked on the produce tables or fruit tables among other cherries, but also failed to establish, if they were so located, how they were packaged, *i. e.*, contained in unsealed or sealed packages.

Instantly, Ms. Moultrey, relying upon her novel interpretations of *Jewell v. Beckstine*, 255 Pa.Super. 238, 386 A.2d 597 (1978) and *McMillan v. Mountain Laurel Racing, Inc.*, 240 Pa.Super. 248, 367 A.2d 1106 (1976), reasons that a prima facie case under the Restatement (Second) of Torts § 343 (1965)[4] need not contain proof that the condition which caused her harm had existed for a sufficient length of time so as to permit an inference that reasonable care would have led to its discovery. The store, while conceding in its brief that Ms. Moultrey's evidence tended to prove a dangerous condition, and that such condition caused her fall, nevertheless, maintains that a prima facie case must include either proof that the offending condition was created by the store, or that the condition had existed for such a time that the store could be charged with constructive notice of it. The store further argues Ms. Moultrey's failure to establish either type of notice compels the conclusion that the trial court was correct in granting its motion for a compulsory non-suit.

## I.

The parties generally agree that the existence and extent of the duty which an owner of property owes to his invitees is set forth in the Restatement 2d § 343.[5] *See, e. g., Martino*, 419 Pa. at 229, 213 A.2d at 610; *Kubacki v. Citizens Water Co.*, 403 Pa. 472, 170 A.2d 349 (1961); *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. 641, 645–46, 359 A.2d 440, 442 (1976). The principle of law from which this rule of the Restatement was derived is that a possessor of

4. Hereinafter: Restatement 2d § ——.

5. Section 343 provides:
   A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
   (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and
   (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
   (c) fails to exercise reasonable care to protect them against the danger.

land is not an insurer of the safety of those on his premises. *E.g., Martino*, 419 Pa. at 233, 213 A.2d at 610; *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. at 646, 359 A.2d at 442. As such, the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is neither, in and of itself, evidence of a breach of the proprietor's duty of care to his invitees, nor raises a presumption of negligence. *E.g., Amon v. Shemaka*, 419 Pa. 314, 317, 214 A.2d 238, 239 (1956); *Calhoun v. Jersey Shore Hosp.*, 250 Pa.Super. 567, 571, 378 A.2d 1294, 1296 (1977); *Jones v. Sanitary Mkt. Co.*, 185 Pa.Super. 163, 165–66, 137 A.2d 859, 860–61 (1958). Therefore, in order to impose liability on a possessor of land, the invitee must present other evidence which tends to prove that the possessor deviated in some particular from his duty of reasonable care under the existing circumstances. Logically, the invitees case–in–chief must consist of evidence which tends to prove either that the proprietor knew, or in the exercise of reasonable care ought to have known, of the existence of the harm–causing condition. *See, e. g., Martino*, 419 Pa. at 233, 213 A.2d at 610; *Katz v. John Wanamaker, Inc.*, 381 Pa. 477, 482, 112 A.2d 65, 67 (1955); *Markman v. Fred P. Bell Stores Co.*, 285 Pa. 378, 382, 132 A. 178, 180 (1926); *McMillan v. Mountain Laurel Racing, Inc.*, 240 Pa. Super. at 254–59, 367 A.2d at 1109–11; *Winkler v. Seven Springs Farm, Inc.*, 240 Pa.Super. at 646, 359 A.2d at 442; *Borsa v. Great Atl. & Pac. Tea Co.*, 207 Pa.Super. 63, 68, 215 A.2d 289, 292 (1965); *Jones v. Sanitary Mkt. Co.*, 185 Pa.Super. at 166–76, 137 A.2d at 861.

■ In construing this portion of the Restatement, Pennsylvania courts have uniformly held that if the harmful transitory condition is traceable to the possessor or his agent's acts, (that is, a condition created by the possessor or those under his authority), then the plaintiff need not prove any notice in order to hold the possessor accountable for the resulting harm. *See, e. g., Penn v. Isaly Dairy Co.*, 413 Pa. 548, 198 A.2d 323, 324 (1964); *Finney v. G. C. Murphy Co.*, 406 Pa. 555, 178 A.2d 719 (1912). In a related context, where

the condition is one which the owner knows has frequently recurred, the jury may properly find that the owner had actual notice of the condition, thereby obviating additional proof by the invitee that the owner had constructive notice of it. *See, e. g., Borsa v. Great Atl. & Pac. Tea Co.*, 207 Pa.Super. at 68, 215 A.2d at 292; *Clark v. Glosser Bros. Dept. Stores*, 156 Pa.Super. 193, 39 A.2d 733 (1944). Where, however, the evidence indicates that the transitory condition is traceable to persons other than those for whom the owner is, strictly speaking, ordinarily accountable, the jury may not consider the owner's ultimate liability in the absence of other evidence which tends to prove that the owner had actual notice of the condition or that the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it. *E. g., Katz v. John Wanamaker, Inc.*, 381 Pa. at 482, 112 A.2d at 67–68; *Parker v. McCrory Stores*, 376 Pa. 122, 101 A.2d 377 (1954); *Sheridan v. Horn & Hardart*, 366 Pa. 485, 77 A.2d 362 (1951); *Borsa v. Great Atl. & Pac. Tea Co.*, 207 Pa.Super. at 68, 215 A.2d at 292; *Potter v. Glosser Bros. Dept. Stores*, 146 Pa.Super. 129, 130–31, 22 A.2d 28, 29 (1941).

■ Postponing for the moment the question whether the cases upon which Ms. Moultrey relies have departed from these rules of proof, on its face the instant case is governed under the above rules by *Martino, supra*. In *Martino*, plaintiff, an invitee, brought an action against a self–service store for injuries sustained when she stepped on a grape on the floor. As in the instant case, there was no evidence as to how the offending fruit got onto the floor, or how long it had been there prior to the fall. The court held that because there was no proof presented as to the cause of the grape's being on the floor, there was no evidence from which a jury might conclude that the store breached its duty in not removing it. *See also MacDonald v. Gimbel Bros., Inc.*, 321 Pa. 25, 183 A. 804 (1936).

## II.

As the present case is not materially distinguishable from *Martino*, only if *Jewell v. Beckstine, supra*, and *McMillan v.*

*Mountain Laurel Racing, Inc.,* supra, compel a different result may plaintiff prevail on her request for reversal. In *Jewell,* the invitee slipped on cow manure which had accumulated on the wet steps of the defendant's milking parlor. Appealing from a jury verdict in favor of the invitee, the owner maintained that there was no evidence from which the jury could find either that the owner had caused the condition, or that in the exercise of reasonable care he should have discovered the dangerous condition. We concluded, in view of the condition of defendant's steps, coupled with plaintiff's evidence that a manure track existed from the point where defendant entered the parlor to the steps, that the evidence amply justified the jury's judgment that defendant, in going to and from the door to let cows in, had tracked manure onto the landing; that he should have known manure on wet concrete would be slippery; and that he failed to warn appellee of that danger. *Id.* 255 Pa.Super. at 243, 386 A.2d at 599. *Jewell,* therefore, is totally consistent with prior cases in that the invitee produced some evidence that the defendant had caused the harmful substance to be present on the floor. Viewed in this light, *Jewell* was simply a case which we reaffirmed the principle that, in establishing a prima facie case, an invitee may show the owner created the condition and, thereby, forego proof that the owner had actual or constructive notice of the condition.

In *McMillan, supra,* the plaintiff, an invitee at defendant's racetrack, slipped and fell as she passed in front of one of defendant's refreshment stands. The testimony of plaintiff established that the floor was not only extensively littered by patrons as the races progressed, but also was quite wet and slippery due to its composition. Most importantly, the evidence also revealed that the floor area was not cleaned during the races, despite the opportunity to do so by track authorities responsible for cleaning. In reversing the lower court's entry of a non-suit in favor of the owners, we stressed that the invitee's evidence showed that other patrons had deposited a great deal of debris on the floor which

was not cleaned or removed by the owners in the two and one–half hours that the McMillans were present. *McMillan*, therefore, is also consistent with our prior cases. Plaintiff offered evidence that the harmful condition existed for such a period of time that the owner should have known of its existence, and should have taken steps to remedy it. Appellant's reliance on *McMillan* is clearly misplaced.[6]

## III.

■ Plaintiff also urges that the lower court misapplied the Restatement 2d § 344.[7] Even were we to assume,

**6.** While our research has revealed cases in other jurisdictions which have modestly expanded the grounds for liability in supermarket falldown cases, even if we were to accept their rationale, they would be unavailing for Ms. Moultrey. *See generally, Note, Supermarket Liability: Problems in Proving the Slip and Fall Case in Florida*, 18 U.Fla.L.Rev. 440 (1965). One line of cases permits the factfinder to infer notice of a harmful condition from proof of the prior uncorrected existence of the continuing and recurrent condition, despite the absence of proof that such condition existed for an extended period of time immediately before the particular accident. See *Hetzel v. Jewel*, 457 F.2d 527 (7th Cir. 1972), overruled on other grounds, *United States v. Hollinger*, 553 F.2d 535 (7th Cir. 1977). A second line of cases allows an inference of notice from circumstances within the proprietor's knowledge sufficient to create a reasonable probability that the specific harmful condition would occur. See *F. W. Woolworth Co. v. Stokes*, 191 So.2d 411 (Miss.1966); *Mahoney v. J. C. Penney Co.*, 71 N.M. 244, 377 P.2d 633 (1962). Such circumstances will arise from "the nature of the business, the general conditions of the premises, a pattern of conduct or recurring incidents." *Bozza v. Vornado, Inc.*, 42 N.J. 355, 200 A.2d 777 (1964).

In the instant case Ms. Moultrey did not offer any evidence from which the jury could infer that fruit on the floor was a recurring and uncorrected condition, arising from the shopper's mishandling the fruit and the store's inadequate efforts to clean the floor. *See* and *compare Strack v. Great Atl. & Pac. Tea Co.*, 35 Wis.2d 51, 150 N.W.2d 361 (1967) with *Ciminski v. Finn Corp.*, 13 Wash.App. 815, 537 P.2d 850 (1975). Additionally, Ms. Moultrey offered no evidence as to how the cherries were packaged and displayed, whether this method of packaging and display had led to the fruit's falling to the floor in the past, and whether the store had adopted any measures to prevent accidents of this type. *See* and *compare Jasko v. F. W. Woolworth*, 177 Colo. 418, 494 P.2d 839 (Colo.1972), and *Long v. Smith Food King Store*, 531 P.2d 360 (Utah 1973) with *Jimenez v. Shop Rite Foods, Inc.*, 72 N.M. 184, 382 P.2d 181 (1963).

**7.** Section 344 provides:

without deciding, that section 344 is applicable to supermarkets,[8] plaintiff's evidence failed to make out a prima facie case under this section. We have observed that to make out a case under section 344 plaintiff must establish three elements:

> First, that the plaintiff was injured by the kind of acts described in the section; second, that such acts were being done, or were likely to be done; and third, that the defendant failed in one of two duties–either to take reasonable care to discover that such acts were being done or were likely to be done, or to take reasonable care to provide appropriate precautions.

*Carswell v. Southeastern Pa. Transp. Auth.*, 259 Pa.Super. 167, 173, 393 A.2d 770, 773 (1978) (footnote omitted). Instantly, Ms. Moultrey failed to adduce any evidence from which the jury could infer either that the presence of fruit matter on the floor was due to an act or acts by customers which had occurred in the past and remained uncorrected, or that the harm causing act or acts likely occurred because of the manner in which fruits were packaged, displayed, and sold.[9] *Compare Carswell*, 259 Pa.Super. at 173–74, 393 A.2d at 773–74.

> A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
> (a) discover that such acts are being done or are likely to be done, or
> (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

**8.** Appellant has called our attention to no Pennsylvania case, nor has our research unearthed one, in which section 344 was held applicable to a supermarket. The Comments to this section, however, indicate that supermarkets might well be encompassed by the section's rule. *See* Restatement 2d § 344, Comment (a); *see generally Moran v. Valley Forge Drive–In Theatre*, 431 Pa. 432, 246 A.2d 875 (1968); *Carswell v. Southeastern Pa. Transp. Auth.*, 259 Pa.Super. 167, 393 A.2d 770 (1978).

**9.** *See* note 6 *supra.*

■ Accordingly, the Restatement 2d §§ 343, 344 and our cases support the proposition that the invitee must prove either that the proprietor had a hand in creating the harmful condition, or that he had actual or constructive notice of such condition. Since such proof was absent in the instant case, the trial court properly granted appellee's motion for a compulsory non–suit.

Order affirmed.