## Barley v. Hary's Restaurant/Lounge

C.P. of Lehigh County, no. 98-C-0503.

*Jerry R. Knafo,* for plaintiff.
*Michael F. DeMarco,* for defendants.

BLACK, *J.,* April 13, 1999—Plaintiff seeks to recover damages for personal injuries allegedly sustained when she slipped and fell while descending a flight of stairs at Hary's Restaurant and Cocktail Lounge. Before the court

is defendants' motion for summary judgment on the ground that plaintiff has failed to produce sufficient evidence that they were negligent.

A party may move for summary judgment as a matter of law: "if, after completion of discovery relevant to the motion, . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2(2).

In the instant case, plaintiff has not produced any evidence that defendants had notice, either actual or constructive, of a defective or dangerous condition existing on the subject premises. Without such evidence plaintiff cannot make out a case of negligence against defendants. It is clear to this court after review of the pleadings and depositions on file that there is no triable issue regarding defendants' alleged negligence. Therefore, defendants are entitled to summary judgment as a matter of law.

## FACTS

For the purposes of this motion,[1] the relevant facts are as follows: On March 1, 1998, at approximately 1:45 a.m., plaintiff entered Hary's Restaurant and Cocktail Lounge located at 1444 Hamilton Street, Allentown, Pennsylvania. Upon her arrival, she went directly to the ladies' restroom, which was located on the second floor at the top of a flight of 10 stairs. The stairs were carpeted, as was the area at the top of the stairs. Three steps from the top was a landing that was also carpeted. Upon

---

1. We have examined the record in the light most favorable to plaintiff and have given her the benefit of all reasonable inferences. See *Electronic Laboratory Supply v. Cullen,* 712 A.2d 304, 307 (Pa. Super. 1998).

leaving the restroom, plaintiff walked across the carpeted area at the top of the stairs toward the stairway to return to the first floor. As she began her descent, she felt her left foot slip on something at the top of the stairs. She lost her balance and fell down three steps until coming to rest on the carpeted landing area.

As a result of her fall, plaintiff suffered significant injuries, including a fracture of her left proximal tibia and fibula. She was subsequently transported by ambulance to Lehigh Valley Hospital where the emergency room attendants pointed out to her that the pants she had been wearing were soaked with beer. The beer must have come from the carpet on the landing where plaintiff ended up after her fall. An acquaintance of plaintiff, Andres Carrillo, the only witness to her fall, noticed that his pants knee was also wet from kneeling on this same landing area when he came over to assist afterwards.

On previous occasions, plaintiff had observed patrons sitting on the edge of the steps holding drinks, and sometimes these drinks may have spilled onto the stairway carpeting. On this particular occasion, no patrons were sitting on the steps, and plaintiff did not observe any wetness or any other unusual condition on the steps, on the landing or in the area at the top of the steps. She is not sure what caused her to slip.

## DISCUSSION

This is a classic "slip and fall" case. Plaintiff was a business invitee on the premises. Therefore, the duty owed to her by defendants is described in the Restatement (Second) of Torts §343 (1965), which provides:

"A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he

"(a) knows or by the existence of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

"(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

"(c) fails to exercise reasonable care to protect them against the danger."

This section of the Restatement has been adopted by the Pennsylvania Supreme Court in *Carrender v. Fitterer,* 503 Pa. 178, 469 A.2d 120 (1983).

It is a well-settled principle of law that a possessor of land is not an insurer of the safety of those who enter onto the premises. See *Moultrey v. Great A & P Tea Co.,* 281 Pa. Super. 525, 529-30, 422 A.2d 593, 595 (1980). "[T]he mere happening of an accident or an injury does not establish negligence nor raise an inference or presumption of negligence nor make out a prima facie case of negligence." *Amon v. Shemaka,* 419 Pa. 314, 317, 214 A.2d 238, 239 (1965). Therefore, in order to impose the liability on a possessor of land, an invitee must present evidence tending to prove that the possessor deviated from his duty of care, as set forth in section 343 of the Restatement above. Such evidence must include evidence that the possessor knew, or in the exercise of reasonable care should have known, of the existence of the harm-causing condition. See *Moultrey,* 281 Pa. Super. at 530, 422 A.2d at 596. However, if the harm-causing condition is traceable to an act of the possessor or his agent, then the invitee does not have to meet the notice requirement of section 343. *Id.*

The fatal weakness in plaintiff's case is that she has produced no evidence that any of the defendants knew

or had reason to know of a dangerous condition that caused her to fall. Nor has she produced evidence that any of the defendants or an agent of a defendant created a dangerous condition in the premises.

Plaintiff claims to have stepped on something slippery at the top of the stairway, but admits that she did not see what it was. No witness saw anything slippery or otherwise dangerous in this area. Nor did plaintiff see anything unusual on the stairway or in this area a few minutes earlier when she climbed the stairs on her way to the restroom. Although the evidence indicates that the carpeted landing where plaintiff came to rest was wet from beer, this landing was not the area where her foot slipped. There is no proof that this same wet condition existed on the top of the stairway, where her fall began.

Furthermore, even if one assumes arguendo that the carpet at the top of the steps was slippery from spilled beer, there is no evidence that defendants had actual or constructive notice of any such condition. The evidence does not provide any indication of how long the area was wet, if indeed it was wet at all. Plaintiff has suggested that beer may have been spilled much earlier in the evening during a bar fight, but the fight occurred in a different part of the premises. The record is completely devoid of any evidence that defendants knew of a dangerous condition in the area where plaintiff lost her footing or that such a condition existed for a sufficient period of time to establish constructive notice.

For the foregoing reasons, plaintiff has failed to make out a prima facie case of negligence against defendants. Accordingly, defendants' motion for summary judgment must be granted.

## ORDER

Now, April 13, 1999, upon consideration of defendants' motion for summary judgment and plaintiff's response thereto, after oral argument and for the reasons set forth in the accompanying opinion, it is ordered that said motion be and hereby is granted, and judgment shall be entered in favor of defendants against plaintiff.