**Thakrar v. Wegman's Food Market**

*Richard Orloski,* for plaintiff.
*Joseph D'Amico Jr.,* for defendant.

FREEDBERG, *P.J.,* November 19, 2004—Plaintiff fell inside Wegman's store on an unknown substance on the floor. The defendant moves for summary judgment. Because there are genuine issues of material fact, defendant's motion is denied.

Summary judgment may be granted when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Coleman v. Coleman,* 444 Pa. Super. 196, 199, 663 A.2d 741, 744 (1995). The record must be viewed in light most favorable to the non-moving party. *Pennsylvania State University v. County of Centre,* 532 Pa. 142, 144-45, 615 A.2d 303, 304 (1992).

A non-moving party opposing summary judgment must adduce sufficient evidence on an issue essential to his case on which he bears the burden of proof such that a jury could return a verdict in his favor. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996).

To recover damages in a slip and fall case, where invitee is injured in a store, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. *Zito v. Merit Outlet Stores,* 436 Pa. Su-

per. 213, 217, 647 A.2d 573, 575 (1994) (citing *Moultrey v. Great A. & P. Tea Co.,* 281 Pa. Super. 525, 530, 422 A.2d 593, 596 (1980). The evidence must show that the proprietor knew or, in the exercise of reasonable care, should have known of the existence of the harmful condition. *Id.* The invitee is required to prove either that the store owner participated in creating the harmful condition, or that the owner had actual or constructive notice of the condition. Restatement (Second) of Torts §343. Such notice may be established by direct or circumstantial evidence. *Moultrey, supra* at 527, 422 A.2d at 594.

The defendant contends that the plaintiff has failed to produce evidence in support of the claim and that defendant is entitled to judgment as a matter of law. The defendant argues that it is not an insurer of its patron's safety and that the mere existence of a harmful condition in a public place or the mere happening of an accident is not in and of itself evidence of a breach of the proprietor's duty of care. *Myers v. Penn Traffic Company,* 414 Pa. Super. 181, 606 A.2d 926 (1992). The defendant also argues that there is insufficient evidence to prove either actual notice or that the spot was on the floor a sufficient time prior to the accident to establish constructive notice imputed to Wegman's.

"What constitutes constructive notice must depend on the circumstances of each case, but one of the most important factors to be taken into consideration is the time elapsing between the origin of the defect or hazardous condition and the accident." *Neve v. Insalaco,* 771 A.2d 786, 791 (Pa. Super. 2001) (citing *Rogers v. Horn &*

*Hardart Baking Co.,* 183 Pa. Super. 83, 86, 127 A.2d 762, 764 (1956)). Defendant asserts that plaintiff has no evidence to show how long the spot was there or what it consisted of. The defendant contends that there is only speculation on the issue of notice and how long the spot may have been on the floor which is not sufficient to create an issue of fact. *Myers, supra* at 190-91, 606 A.2d at 931.

Plaintiff responds that summary judgment is not appropriate because constructive notice and lack of reasonable care are sufficiently shown by the evidence to create issues of fact. Plaintiff relies on Restatement (Second) of Torts §§343-344. Restatement (Second) of Torts §343 provides in relevant part:

"A possessor of land is subject to liability for bodily harm caused to business visitors by a natural or artificial condition thereon if, but only if, he

"(a) knows, or by the exercise of reasonable care could discover, the condition which, if known to him, he should realize as involving an unreasonable risk to them, and

"(b) has no reasons to believe that they will discover the condition or realize the risk involved therein, and

"(c) invites or permits them to enter or remain upon the land without exercising reasonable care . . .

"(i) to make the condition reasonably safe . . . ."

Section 344 provides:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land

for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons . . . , and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable visitors to avoid the harm, or otherwise protect them against it."

According to the plaintiff, these sections provide that a store owner has an affirmative obligation to police its premises to discover defects, even if they are caused by other patrons of the store. The plaintiff argues that a grocery store owner knows that its patrons may drop grocery items in the aisles that could constitute a dangerous condition to other shoppers.

Plaintiff also argues that the testimony of defendant's employees demonstrates that defendant's motion for summary judgment cannot be granted. Admissions from deposed employees show that hourly sweeps are supposed to be noted on sweep logs, which are a high priority for Wegman's, and that the sweep logs reflect no hourly sweeps the entire week preceding plaintiff's fall. Plaintiff also refers to testimony from defendant's employees regarding a spill that was cleaned up near where plaintiff fell. One employee admitted a spill was cleaned up at 11:58 a.m. near where the plaintiff fell. Another employee had occasion to observe the substance on the floor that caused plaintiff to fall. That employee found a trail of drops of a similar substance and remembered that the trail of drops continued into the aisle where the spill was cleaned up. Plaintiff contends, because there was a spill

in the form of a trail of drops which extended to an aisle where a spill was cleaned up, there is circumstantial evidence that defendant was on specific notice of a spill and only part of the spill was cleaned, while the trail of drops remained on the floor for several hours until the plaintiff's fall. Further, the employee who later cleaned up the spill on which plaintiff slipped, described the substances as "like water that kind of solidified a little." The plaintiff asserts there is sufficient evidence of constructive notice because the evidence tends to suggest it was not a fresh spill, but had time to solidify.

Considering the law and the facts on the record, defendant's motion for summary judgment must be denied. As noted above, the Superior Court in *Zito v. Merit Outlet Store,* 436 Pa. Super. 213, 217, 647 A.2d 573, 575, held that the law of Pennsylvania is:

"In order to recover damages in a 'slip and fall' case such as this, the invitee must present evidence which proves that the store owner deviated in some way from his duty of reasonable care under the existing circumstances. . . . This evidence must show that the proprietor knew, or in the exercise of reasonable care should have known, of the existence of the harmful condition. *Id.* Section 343 also requires the invitee to prove either that the store owner helped to create the harmful condition, or that it had actual or constructive notice of the condition."

The defendant's policy of performing hourly sweeps in the exercise of reasonable care to discover spills, along with evidence that no such sweeps were done, indicates that store owner defendant deviated from its duty of care

to look for slippery substances. These facts also demonstrate that the defendant, in the exercise of reasonable care, should have known of the existence of the harmful condition.

The plaintiff also offers evidence that defendant failed to properly clean up the substance. Two of defendant's employees testified that the substance plaintiff fell on was part of a trail of drops. Testimony also indicates that a spill was cleaned up in an aisle where the trail of drops extended several hours before plaintiff's fall. The evidence, viewed in a light most favorable to the plaintiff, suggests that the spill that was cleaned up was one end of a continuous trail, the remainder of which was simply not cleaned up.

Defendant's motion for summary judgment is denied because plaintiff has raised substantial issues of material fact about whether defendant should have known of the harmful condition and whether it failed to properly clean the floor.

Wherefore, we enter the following:

ORDER

And now, November 19, 2004, defendant's motion for summary judgment is denied.