NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4401
_____

WILBY BARNETT;
JACQUALINE MORGAN BARNETT,
                                        Appellants

v.

*UNITED STATES OF AMERICA

*(Amended in accordance with Clerk's Order dated 9/10/15)

_____

On Appeal from the District Court
for the Middle District of Pennsylvania
D.C. Civil No. 3-12-cv-01653
District Judge: Honorable Edwin M. Kosik
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 27, 2015

Before: GREENAWAY, JR., SCIRICA, and ROTH, <u>Circuit Judges</u>

(Filed: January 11, 2016)

_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

Wilby Barnett and his wife Jacqualine Morgan Barnett appeal the grant of summary judgment on their Federal Tort Claims Act (FTCA) claim for negligent maintenance of a federal highway.[1] We will affirm.[2]

I.

On the night of January 26, 2010, Mr. Barnett was driving south on Route 209. This drive is Mr. Barnett's normal commute to and from work and brings him through the Delaware Water Gap National Recreation Area, which is federal land. Around 10:00 pm, close to mile marker fourteen within the recreation area, Mr. Barnett hit a patch of black ice and his car rolled over causing him to suffer personal injuries. Recreation-area staff and an ambulance arrived within minutes.

It was cold on the night of the accident and there was no precipitation, although it had rained the day before. In his deposition, Mr. Barnett testified that when it rained in the past, water would run over the roadway near mile marker fourteen and off the side of the road. But he never reported this to the recreation-area staff, and until that night, Mr. Barnett had never encountered any difficulty driving in this particular area of Route 209. According to the recreation-area staff, black ice forms over roads spontaneously and unpredictably, and mile marker fourteen had never been designated as an area of concern for black ice, nor was the staff aware of water running over the roadway at mile marker

---

[1] The Barnetts do not appeal the trial court's dismissal of their second FTCA claim for negligent construction or reconstruction of a federal highway.
[2] The trial court had subject matter jurisdiction under 28 U.S.C. § 1331. We have appellate jurisdiction under 28 U.S.C. § 1291.

fourteen. A 2009 traffic safety study of Route 209 made no mention of a drainage problem in this area.

## II.

The Barnetts filed an FTCA complaint alleging that negligent maintenance of Route 209 caused Mr. Barnett's accident. Post discovery, the government filed a motion to dismiss or, in the alternative, for summary judgment. Asserting jurisdiction under the FTCA and applying Pennsylvania negligence law governing landowner liability, the trial court found the Barnetts had failed to produce evidence contesting the government's evidence of lack of actual or constructive notice of black ice near mile marker fourteen. It granted the government's motion for summary judgment.[3]

On appeal, the Barnetts raise two arguments: (1) the trial court applied the wrong negligence standard and should have analogized the government's duty to that of a municipality to keep the roads safe, rather than to a landowner's or occupier's duty to invitees; and (2) even if the correct standard was employed, there was sufficient evidence that the recreation-area staff was on notice of the dangerous roadway condition to survive summary judgment.

## III.

When assessing an FTCA claim, courts must look to the state-law liability of

---

[3] We exercise plenary review over the trial court's grant of summary judgment, applying the same rule of law the trial court should have used. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). A trial court grants summary judgment only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether there is a genuine dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

private individuals, not public entities like municipalities. *United States v. Olson*, 546 U.S. 43, 46 (2005). The FTCA imposes liability on the United States "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. These circumstances need not be identical, but can be analogous. *Olson*, 546 U.S. at 46–47. The Barnetts' theory of liability is negligence, so we look to Pennsylvania negligence law to determine whether the government breached a duty of care owed to the Barnetts.

> To establish a claim of negligence under Pennsylvania law a plaintiff must show:
>
> (1) the existence of a duty or obligation recognized by law, requiring the [defendant] to conform to a certain standard of conduct; (2) a failure on the part of the defendant to conform to that duty, or a breach thereof; (3) a causal connection between the defendant's breach and the resulting injury; and (4) actual loss or damage suffered by the complainant.

*Atcovitz v. Gulph Mills Tennis Club, Inc.*, 812 A.2d 1218, 1222 (Pa. 2002).

The government's duty to maintain roads within federal territory can be analogized to an owner or occupier of land's duty to protect invitees from foreseeable harm. *Carrender v. Fitterer*, 469 A.2d 120, 123 (Pa. 1983). A harm is foreseeable if the land possessor:

> (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitee, and (b) should expect that [the invitee] will not discover or realize the danger, or will fail to protect themselves against it, and (c) fails to exercise reasonable care to protect [the invitee] against the danger.

*Id.* (internal quotation marks omitted) (quoting Restatement (Second) of Torts § 343). Importantly, "the mere existence of a harmful condition in a public place of business, or the mere happening of an accident due to such a condition is [not], in and of itself,

4

evidence of a breach of the proprietor's duty of care to his invitees," nor does it "raise[] a presumption of negligence." *Zito v. Merit Outlet Stores*, 647 A.2d 573, 575 (Pa. Super. Ct. 1994) (internal quotation marks omitted) (quoting *Moultry v. Great A & P Tea Co.*, 422 A.2d 593, 596 (Pa. Super. Ct. 1980)). Instead, to give rise to a negligence claim, the possessor must "help[] . . . create the harmful condition" (not alleged here), or "ha[ve] actual or constructive notice of the condition." *Id.*

To show the defendant had actual notice, the plaintiff must show the defendant actually knew of the danger. *See id.* Alternatively, under the constructive-notice doctrine, a plaintiff can provide sufficient circumstantial evidence to impute notice of the danger to the defendant. *See Neve v. Insalaco's*, 771 A.2d 786, 791 (Pa. Super. Ct. 2001). The sufficiency of circumstantial evidence "depend[s] on the circumstances of each case, but one of the most important factors . . . is the time elapsing between the origin of the [dangerous condition] . . . and the accident." *Id.* (internal quotation marks omitted) (quoting *Rogers v. Horn & Hardart Baking Co.*, 127 A.2d 762, 764 (Pa. Super. Ct. 1956)). The "relative durability of the defect" is a related factor—if a dangerous condition is durable or permanent, notice can be more easily imputed to the defendant. *Id.*

VI.

The Barnetts' first contention that the trial court used the wrong negligence standard is misplaced. As explained *supra*, our inquiry under the FTCA is not whether a state, municipality, or other public entity would be liable under state tort law, but whether a private person would be liable. *Olson*, 546 U.S. at 46.

The Barnetts' second contention that they presented sufficient evidence to create a

5

genuine issue of material fact to overcome summary judgment is similarly unpersuasive. The duty of recreation-area staff members is analogous to that of private individuals: to warn invitees of (or to clear) foreseeable dangers on the recreation area's roads within a reasonable time. But under either a theory of actual or constructive notice, there is no evidence the recreation-area staff had notice of the dangerous condition and breached this duty.

Under the theory of actual notice, the testimony of the recreation-area staff provides no evidence that can be imputed to the government that the staff had actual knowledge of the black ice prior to the incident. Under the theory of constructive notice, the Barnetts also fail to provide sufficient circumstantial evidence to create a genuine issue of material fact that the recreation-area staff should have been on notice. There was no history of black ice forming near mile marker fourteen, and the Barnetts offer no evidence that black ice had been at mile marker fourteen on January 26, 2010 long enough to put the recreation-area staff on notice. Moreover, recreation-area staff testified that black ice forms sporadically and there was no indication the area at mile marker fourteen was more wet or dangerous that night than other parts of the twenty-two-mile route. Given this evidence (or lack of evidence), a recreation-area staff member exercising reasonable care would not be on constructive notice that black ice had formed near mile marker fourteen on the night of January 26, 2010.

Notice is an essential element of the Barnetts' negligence claim, on which they bear the burden of proof. There is no genuine dispute of material fact that the recreation-area staff had neither actual nor constructive notice of black ice near mile marker

fourteen.

## VII.

For the reasons set forth, we will affirm the trial court's grant of summary judgment in favor of the government on the Barnetts' claim for negligent maintenance of Route 209.