**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-2864
_____

CHARLES MCDOWELL,
                              Appellant

v.

MORAN FOODS, LLC, d/b/a SAVE-A-LOT, LTD.
_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 2-15-cv-04995)
District Judge:  Hon. Robert F. Kelly
_____

Submitted under Third Circuit L.A.R. 34.1(a)
January 23, 2017

Before:  CHAGARES, RESTREPO, and ROTH, <u>Circuit</u> <u>Judges</u>.

(Filed: February 28, 2017)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

CHAGARES, Circuit Judge.

Plaintiff Charles McDowell ("McDowell") brought this suit in Pennsylvania state court alleging negligence on the part of Moran Foods, LLC, d/b/a Save-a-Lot, Ltd. ("Save-a-Lot"), and Save-a-Lot removed the case to federal court. Save-a-Lot then moved for summary judgment, and the motion was granted. McDowell timely appealed. For the reasons set forth below, we will affirm the judgment of the District Court.

I.

Because we write exclusively for the parties, we set forth only those facts necessary to our disposition. "[W]e view the record in the light most favorable to [McDowell] and draw all reasonable inferences in his favor." Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000) (en banc).

On January 13, 2014, McDowell was shopping at a Save-a-Lot store located in Philadelphia, Pennsylvania. He was with his then-girlfriend and her daughter. At approximately 2:26 p.m., McDowell entered aisle six from the back of the store. When he was approximately a quarter of the way up the aisle, he slipped on a piece of banana and fell. The banana piece was yellow or light tannish in color. It was approximately three and a half inches long. A two-inch portion of the banana was "smushed" by McDowell's foot, and the remaining inch and a half of it was intact. Appendix ("App.") 190:9-191:1. The intact part of the banana was clean, and it did not appear that the banana had otherwise been stepped on or that a cart had rolled over it. McDowell stated that he did not know how long the banana was on the floor or how it got there. The

2

produce section is located in aisle one. The banana peel was not located. McDowell's fall was recorded on store surveillance, and he alleges that he suffered serious injuries as a result of the fall.

At some time between 1:00 p.m. and 1:30 p.m., assistant store director, Joe Weisbrod, performed a "Commitment to Win" ("CTW") walkthrough of the store with the manager. A CTW is conducted to "make sure there [are] no trip hazards . . . make sure things are filled properly." App. 313:10-11. When he did the CTW walkthrough, the banana was not on the floor in aisle six. At approximately 1:20 p.m., Weisbrod, the store manager, and another employee did a "clean sweep" of the store. Clean sweeps are conducted every four hours at that Save-a-Lot. As part of a clean sweep, employees inspect the floors. The employee conducted the sweep first and then Weisbrod and the manager followed her. Weisbrod testified that there was no banana on the floor at this time either. He also testified, however, that the employee had made note of two issues needing attention in aisle six. One of the issues was that the milk needed to be restocked. Weisbrod testified that the other issue was also in the dairy section of aisle six, but he did not remember what it was. At one point in his deposition, Weisbrod referred to this second issue as related to something else that needed to be restocked, possibly the yogurt. App. 322:8-12.

On March 29, 2016, Save-a-Lot filed a motion for summary judgment. The District Court granted this motion on June 13, 2016, concluding that there was no genuine issue of fact regarding Save-a-Lot's actual or constructive notice of the banana.

The District Court granted summary judgment in favor of Save-a-Lot. This appeal timely followed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1332. We have jurisdiction to review the District Court's grant of summary judgment pursuant to 28 U.S.C. § 1291. "We review an order granting summary judgment de novo, applying the same standard used by the District Court." Nicini, 212 F.3d at 805.

## III.

Under Pennsylvania law,[1] "[t]he standard of care a possessor of land owes to one who enters upon the land depends upon whether the person entering is a trespasser, licensee, or invitee." Carrender v. Fitterer, 469 A.2d 120, 123 (Pa. 1983). It is undisputed that McDowell was an invitee of Save-A-Lot. Under Pennsylvania law,

> [a] possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he:
> (a) knows or by the exercise of reasonable care would discover the condition and should realize that it involves an unreasonable risk of harm to such invitees, and
> (b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and
> (c) fails to exercise reasonable care to protect them against the danger.

Kirschbaum v. WRGSB Assocs., 243 F.3d 145, 152 (3d Cir. 2001) (footnote omitted) (quoting Restatement (Second) of Torts § 343)). In other words, "[a]n invitee must prove either the proprietor of the land had a hand in creating the harmful condition, or he had actual or constructive notice of such condition." Estate of Swift v. Ne. Hosp. of Phila.,

---

[1] The parties agree that Pennsylvania law applies, as do we.

4

690 A.2d 719, 722 (Pa. Super. Ct. 1997). The District Court concluded that "there [was] no evidence whatsoever that Defendant itself either caused the dangerous condition or that it had actual notice of the dangerous condition. Thus, resolution of the issue of constructive notice [was] dispositive." App. 13 (footnote omitted). Because McDowell did not present any evidence that Save-a-Lot caused the banana to be on the floor or had actual notice of it, the District Court properly concluded that the issue of constructive notice was dispositive.

To establish constructive notice of a dangerous condition, a plaintiff must show that "the condition existed for such a length of time that in the exercise of reasonable care the owner should have known of it." Moultrey v. Great A&P Tea Co., 422 A.2d 593, 596 (Pa. Super. Ct. 1980). Pennsylvania courts often treat a plaintiff's failure to provide evidence with respect to the timing of the dangerous condition as dispositive because "[a] jury is not permitted . . . to speculate or guess; conjecture, guess or suspicion do not amount to proof." Lanni v. Pa. R.R. Co., 88 A.2d 887, 889 (Pa. 1952) (reversing denial of defendant's motion for judgment notwithstanding verdict since "there was no evidence, facts or circumstances which were sufficient to enable a jury to reasonably and legitimately impute negligence, i.e., constructive notice of the unsafe condition"); see also Porro v. Century III Assocs., 846 A.2d 1282, 1286 (Pa. Super. Ct. 2004) (affirming summary judgment where plaintiff "admitted in his deposition he [did] not know how long the substance he slipped on was present on the stairs"); Swift, 690 A.2d at 722 (affirming summary judgment where plaintiff did not provide any evidence "as to how

5

the water [that plaintiff slipped on] arrived on the floor" or how long the dangerous condition existed).

On appeal, McDowell argues that there was a genuine issue of material fact as to whether Save-A-Lot had actual or constructive notice of the banana. In particular, he points to the fact that Weisbrod said that the employee doing the clean sweep had noted two issues on aisle six that needed to be addressed, and he could not remember what the second issue was. Accordingly, argues McDowell, one of those issues could have been the banana. See McDowell Br. 13-14. However, Weisbrod testified that when he did the clean sweep there was no banana on the floor and also testified that the second issue had something to do with restocking, possibly the yogurts. No reasonable jury could conclude that the second issue was the banana.

There is no evidence in the record that could prove that Save-a-Lot had constructive notice of the banana on the floor. Neither McDowell nor Weisbrod knew how long the banana was on the floor. There was no indication that anyone else had stepped on the banana or run it over with their cart. The banana was still yellow and was not dirty. Any jury would have to speculate how long the banana had been there. Pure conjecture cannot defeat summary judgment, and we hold that summary judgment was properly entered in favor of Save-a-Lot. See Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("[A]n inference based upon a speculation or conjecture does not create a material factual dispute sufficient to defeat summary judgment." (quoting Robertson v. Allied Signal, Inc., 914 F.2d 360, 382 n. 12 (3d Cir.1990))).

6

McDowell also argues that the District Court erred in concluding that his claim under § 344 of the Restatement (Second) of Torts was not viable. Section 344 provides that

> [a] possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the accidental, negligent, or intentionally harmful acts of third persons or animals, and by the failure of the possessor to exercise reasonable care to
>     (a) discover that such acts are being done or are likely to be done, or
>     (b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it.

Restatement (Second) of Torts § 344 (1965). The District Court concluded that "without evidence that the hazard was caused by the negligence of a third-party and that this third-party hazard was a regular occurrence, Plaintiff's claim under § 344 of the Restatement (Second) of Torts also fails as a matter of law." App. 18 n. 8. McDowell argues that the existence of Save-A-Lot's clean sweep program is implicit acknowledgment of the fact that hazards are a regular occurrence. However, McDowell's argument is meritless, as he offers no evidence supporting his contention. Accordingly, the District Court properly entered summary judgment in favor of Save-a-Lot.

IV.

For the foregoing reasons, we will affirm the judgment of the District Court.